In re Disqualification of Aubry.

The State of Ohio v. Herbert.

[Cite as *In re Disqualification of Aubry*, 117 Ohio St.3d 1245, 2006-Ohio-7231.]

(No. 06–AP–080—Decided August 21, 2006.)

Moyer, C.J.

{¶ 1} Joseph E. Scott—counsel for the defendant—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Kathleen A. Aubry from acting on any further proceedings in case No. 05–CR–21 in the Court of Common Pleas of Wyandot County.

{¶ 2} Scott alleges that the judge has shown bias against the defendant by scheduling a resentencing hearing for the defendant on the same day as a hearing on the defendant's motion to withdraw his guilty plea. This demonstrates, according to Scott, that the judge has already decided to deny the motion to withdraw, and it reflects improper prejudice on the part of the judge. Scott also faults the judge for saying at the defendant's initial sentencing hearing that the defendant had shown little remorse for his crimes and had taken advantage of a family relationship. Those remarks demonstrate hostility toward the defendant, he contends. Finally, Scott criticizes the judge for preventing the defendant from accessing proceeds from the sale of the defendant's home. The judge's

rulings, according to Scott, reflect hostility toward the defendant's efforts to hire criminal defense attorneys and investigators.

{¶ 3} I find no basis for ordering the disqualification of Judge Aubry. None of the allegations in the affidavit demonstrates conclusively that the judge is unable to serve fairly and impartially in this case.

{¶ 4} Trial courts are entitled to exercise their discretion when scheduling hearings. The fact that Judge Aubry has scheduled the defendant's resentencing hearing immediately after the hearing on the motion to withdraw the guilty plea does not provide compelling proof that the judge has formed a fixed judgment about the proper outcome of the first hearing or that she is biased against the defendant. The judge may simply believe that the back-to-back hearings will be more convenient for the parties, or she may feel that her own preparations for the hearings will be more efficient if both are held on the same day. In any event, the affiant does not cite any language in the scheduling orders that suggests judicial bias, and I will not infer bias simply because the defendant would prefer that the hearings be held on different days.

{¶ 5} Even if Judge Aubry—having reviewed the parties' legal memoranda and perhaps having researched and reviewed the legal issues and the factual record—has now reached some preliminary conclusions about the defendant's motion to withdraw his guilty plea, I certainly cannot say that her doing so would create a disqualifying bias or prejudice that would compel her removal from the case. Judges are not required to wait until the eleventh hour to begin forming preconceptions about the proper resolution of the legal questions presented to them. In the absence of any evidence that the judge is likely to resolve the motion on grounds other than the relevant facts and the relevant law, her decision to schedule a sentencing hearing right after the motion hearing does not demonstrate that she lacks the requisite impartiality to decide fairly the issues presented to her at both of those hearings.

{¶ 6} Nor do the judge's comments at the defendant's first sentencing hearing prevent her from remaining on the case now. The judge's comments cited in the affidavit simply suggest that the judge appropriately sought to explain at the first sentencing hearing her rationale for imposing consecutive sentences in the defendant's case. The fact that the case is again before her for resentencing in the wake of this court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, does not compel the judge to step aside.

{¶ 7} State and federal courts have been virtually unanimous in holding that—absent a showing of actual bias—a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties. Flamm, Judicial Disqualification (1996) 345, Section 12.3.1. See, e.g., *In re Disqualifica-*

*tion of Basinger* (1996), 77 Ohio St.3d 1237, 674 N.E.2d 351 ("a judge who presided at trial is not disqualified from ruling on a subsequent petition for post-conviction relief," and "a judge who presided in a criminal trial is not precluded from considering the defendant's motion to vacate the sentence imposed"); *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 188, 616 N.E.2d 909 ("A judge need not recuse himself simply because he acquired knowledge of the facts during a prior proceeding"); *United Union of Roofers, Waterproofers & Allied Workers, Union No. 33 v. Meese* (C.A.1, 1987), 823 F.2d 652, 659 ("It is well established * * * that participation in prior proceedings involving the same or similar facts or parties does not in itself constitute grounds for disqualification").

{¶ 8} We expect judges to be familiar with the facts when they impose sentences in criminal cases. Sometimes those facts militate in favor of leniency at sentencing, and sometimes they do not. Judge Aubry's familiarity with the facts of this defendant's case and her prior discussion of those facts on the record do not provide compelling proof that she holds an improper bias or prejudice that will prevent her from treating the defendant fairly at any new sentencing hearing in his case.

{¶ 9} Finally, attorney Scott's dissatisfaction with the timeliness or the outcome of the judge's ruling on the disposition of the defendant's assets does not convince me that the judge is biased against the defendant. A party's disagreement or dissatisfaction with a court's rulings of law, without more, does not constitute bias or prejudice. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 606, 522 N.E.2d 459. An affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4.

{¶ 10} Judge Aubry was entitled to issue rulings that she felt were correct on the civil foreclosure matter involving the defendant's property, and while some of those rulings can be challenged on appeal, nothing about the decision described in the affidavit points toward bias or prejudice on the part of the judge. Indeed, the judgment entry attached to the affidavit indicates that the judge is willing to allow the defendant to use the proceeds from the sale of his home to pay his criminal defense attorneys. That ruling does not provide a sound basis for me to conclude that the judge is biased against the defendant in this case.

{¶ 11} As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 12} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Aubry.