[Cite as *State v. Donald*, 2011-Ohio-3400.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 09 MA 172 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| JOHNNY DONALD, Jr., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                               Court, Case No. 08 CR 389.


JUDGMENT:                      Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul J. Gains
                               Prosecuting Attorney
                               Attorney Ralph M. Rivera
                               Assistant Prosecuting Attorney
                               21 W. Boardman St., 6th Floor
                               Youngstown, OH 44503


For Defendant-Appellant:       Attorney Gary Van Brocklin
                               P.O. Box 3537
                               Youngstown, OH 44513


JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich


                               Dated: July 1, 2011

DeGenaro, J.

**{¶1}** Defendant-Appellant, Johnny Donald, Jr., appeals the decision of the Mahoning County Court of Common Pleas resentencing him for one count of felonious assault following a remand from this court. Donald argues that the trial court erred by failing to recuse itself following an oral request for recusal by Donald during the resentencing hearing. Second, he asserts that trial counsel was ineffective for failing to file an affidavit of prejudice against the trial judge upon the resentencing, and for failing to seek a continuance to do so. Upon review, Donald's assignments of error are meritless.

**{¶2}** Regarding the first issue, this court lacks the authority to rule on Donald's argument that the trial court erred by failing to recuse itself upon Donald's oral motion. The only avenue for disqualifying a common pleas court judge is via an affidavit of disqualification with the Ohio Supreme Court pursuant to R.C. 2701.03. A defendant cannot forgo this procedure and present the issue to the court of appeals in order to avoid Supreme Court jurisdiction. As to the second issue, although trial counsel's failure at resentencing to seek a continuance in order to file an affidavit of disqualification against the trial court could be deemed ineffective under other circumstances, given the facts in this case, this assigned error is meritless. Although the trial court held the resentencing hearing only nine days after receiving the opinion remanding the matter, and spent considerable time during the hearing responding to the appellate opinion, ultimately there is no evidence that the trial court harbored bias against Donald. Thus, it is unlikely that Donald would have succeeded at disqualifying the trial court had counsel sought and obtained a continuance to file an affidavit. Moreover, because Donald cannot show prejudice, counsel was not ineffective. Donald fails to challenge the sentence imposed on remand, and, especially given the record before the trial court, cannot demonstrate how the outcome of the resentencing would have been different had he been resentenced by another judge. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

**{¶3}** Donald was indicted by the Mahoning County Grand Jury on two counts of

felonious assault: one alleging physical harm with a deadly weapon (R.C. 2903.11(A)(2)), and the other count alleging serious physical harm with a deadly weapon (R.C. 2903.11(A)(1)). These charges stemmed from an incident where Donald beat his girlfriend with a golf club, which this court detailed in Donald's first appeal:

{¶4} "The victim testified that appellant was her boyfriend. She stated that she came home drunk on March 23, 2008 and that appellant was angry with her for drinking and for not having $2 to spare. (Tr. 292, 307). She explained that he originally acted as if he were about to hit her with a long wooden bed support. (Tr. 294, 316). The victim testified that appellant then said he had something 'better' for her, at which point he picked up a golf club. (Tr. 294). He then hit her multiple times with the golf club, aiming for her head. (Tr. 292, 295, 297). Most of the blows hit her left arm. Photographs showed round bruises on this arm. She testified that one arm was fractured as a result of the beating. (Tr. 297, 318-319). She also testified that she still suffered pain from the beating. (Tr. 297).

{¶5} "The responding officer testified that he responded to a 911 call which had reported that someone was being beaten. (Tr. 270). When he entered the residence, the victim was sobbing, she appeared to be in pain, and she was cradling her arm which had large bruises on it. (Tr. 270, 273). She announced that appellant hit her with a golf club. Appellant admitted that he drank too much and 'waled on her ass with a club.' (Tr. 272, 282-283). The officers recovered a golf club which had been broken into two pieces, and the victim testified that the club was whole when he began beating her with it. (Tr. 274, 284, 294)." *State v. Donald*, 7th Dist. No. 08 MA 154, 2009-Ohio-4638, ¶3-4.

{¶6} Following a jury trial, Donald was convicted of the physical harm felonious assault charge and acquitted of the other. On June 27, 2008, the trial court sentenced Donald to a maximum eight year prison term

{¶7} Donald appealed, arguing inter alia, that the trial court erred by participating in plea negotiations and sentencing him to a maximum sentence because Donald chose to exercise his right to a jury trial and the right not to testify during trial This court affirmed Donald's conviction, but vacated his sentence and remanded the case to the trial court for

resentencing, holding that the trial court erred by actively participating in plea negotiations which included attempting to urge Donald to accept the plea or face a post-trial maximum sentence, and making inappropriate statements during sentencing which violated Donald's constitutional rights. *State v. Donald*, 7th Dist. No. 08 MA 154, 2009-Ohio-4638, (August 31, 2009).

{¶8} On September 2, 2009, only two days after remand by this Court, the trial court issued a judgment entry setting Donald's resentencing hearing for seven days later, on September 9, 2009, and had the order served on Donald's trial counsel, Mr. Limbian, along with his counsel from the first appeal, Mr. Snopek. At the hearing, both attorneys engaged in a colloquy with the trial court about their respective representation of Donald, especially given Donald's request to trial counsel that he file an affidavit of disqualification as well as withdraw as counsel. Trial counsel made an oral motion for the court to recuse itself, and to withdraw, both of which were overruled, with the trial court ultimately finding that appellate counsel would not be representing Donald on resentencing.

{¶9} The trial court spent considerable time during the resentencing hearing discussing the appellate opinion, contending much of what occurred at the original sentencing hearing was not erroneous. But ultimately the court conceded some error, and apologized to Donald for insulting him during the original sentencing hearing. The court then proceeded to sentence Donald de novo, hearing statements from Donald and the victim. After considering the relevant statutory sentencing factors, the trial court sentenced Donald to a maximum prison term of eight years.

## Failure to Recuse

{¶10} For ease of analysis, we will first address Donald's second of two assignments of error which asserts:

{¶11} "It was error for the trial judge to participate further in the proceedings which denied Appellant a fair trial, due process, and effective assistance of counsel in violation of Amendments Five and Six and Fourteen of the United States Constitution and Article I Sections 10 and 16 of the Ohio Constitution."

{¶12} Donald argues the trial court erred by failing to recuse itself following an oral

motion by Donald at the resentencing hearing. As this court explained in *State v. Drummond*, 7th Dist. No. 05 MA 197, 2006-Ohio-7078:

**{¶13}** "R.C. 2701.03 provides the proper procedure for seeking disqualification of a common pleas court judge. See, also, Section 5(C) of Article IV of the Ohio Constitution. An appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice. See, e.g., *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-442; *Gains v. Harman*, 148 Ohio App.3d 357, 2002-Ohio-2793, ¶ 42-43; *Wolk v. Wolk* (Sept. 25, 2001), 7th Dist. No. 98CA127; *State v. Cope* (July 17, 2001), 7th Dist. No.2000CO38 (noting that the Chief Justice of the Supreme Court or his designee has exclusive jurisdiction to determine a claim that a common pleas court judge is prejudiced); *Grogan v. T.W. Grogan Co.* (2001), 143 Ohio App.3d 548 (where the Eighth District stated that trial courts' refusal to recuse themselves is not appealable to the appellate court); *State v. Ramos* (1993), 88 Ohio App.3d 394, 398." *Drummond* at ¶105.

**{¶14}** In *Drummond*, the appellant asked for voluntary recusal of the trial court and did not avail himself of the procedures found in R.C. 2701.03. This court rejected Drummond's argument regarding recusal stating: "[w]here the trial court refuses to recuse itself, [ ] appellant must follow the disqualification procedure in the Supreme Court. He cannot forgo this procedure and appeal the issue to the court of appeals in order to avoid Supreme Court jurisdiction over the issue." Id. at ¶106, 109.

**{¶15}** The facts of this case are similar in that Donald failed to file an affidavit of disqualification. Counsel made an oral motion for recusal during the resentencing hearing:

**{¶16}** "MR. LIMBIAN: Well he's [Donald's] asking me to have, as I understand it, his case reassigned to another Court.

**{¶17}** "THE COURT: For what purpose?

**{¶18}** "MR. LIMBIAN: For sentencing.

**{¶19}** "THE COURT: On what basis?

**{¶20}** "MR. LIMBIAN: On the basis of the findings of the Court of Appeals.

{¶21} "THE COURT: Well, I read what the Court of Appeals had to say, and, in fact, the Court of Appeals rejected any suggestion that an affidavit of prejudice could be filed at that time. You've never filed an affidavit of prejudice on behalf of the Defendant. He hasn't filed one, nor has appellate counsel, so that request is overruled."

{¶22} The only channel for disqualifying a trial judge is via an affidavit of disqualification with the Ohio Supreme Court. *Donald I* at ¶51. This court lacks jurisdiction to review Donald's argument regarding recusal. Accordingly, Donald's second assignment of error is meritless.

### Ineffective Assistance of Counsel

{¶23} In his first assignment of error, Donald asserts:

{¶24} "Trial counsel was guilty of ineffective assistance of counsel when he failed to file an affidavit of prejudice against the trial judge which resulted in a denial of due process of law and violated the United States Constitution Amendments Five, Six, and Fourteen and Article I Sections 10 and 16 of the Ohio Constitution."

{¶25} To establish ineffective assistance of counsel a criminal defendant must prove two elements, first, that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph two of the syllabus. Second, the defendant must demonstrate he was prejudiced by counsel's performance. Id. Prejudice under *Strickland* requires a defendant to prove that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* at 694; *Bradley* at paragraph three of the syllabus.

{¶26} Further, the defendant bears the burden of proof on the issue of counsel's effectiveness. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 289, 714 N.E.2d 905. In Ohio, a licensed attorney is presumed competent. Id. Thus, in considering an ineffective assistance of counsel claim, a reviewing court must be "highly deferential" to trial counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

{¶27} In the present case, trial counsel's failure to file an affidavit of disqualification, as well as his failure to seek a continuance of the resentencing hearing to do so, does not constitute performance that fell below an objective standard of reasonable representation. Simply put, counsel is not deemed deficient for failing to file meritless motions. *State v. Kelly*, 179 Ohio App.3d 666, 2008-Ohio-6598, 903 N.E.2d 365, at ¶76. And based upon Ohio Supreme Court case law on the subject, it is unlikely that an affidavit of disqualification would have succeeded, given the record in this case. Under another set of facts, if prejudice could be shown, this conduct could be deemed ineffective.

{¶28} "State and federal courts have been virtually unanimous in holding that-absent a showing of actual bias-a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties. Flamm, Judicial Disqualification (1996) 345, Section 12.3.1. See, e.g., *In re Disqualification of Basinger* (1996), 77 Ohio St.3d 1237, 674 N.E.2d 351 ('a judge who presided at trial is not disqualified from ruling on a subsequent petition for post-conviction relief,' and 'a judge who presided in a criminal trial is not precluded from considering the defendant's motion to vacate the sentence imposed'); *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 188, 616 N.E.2d 909 ('A judge need not recuse himself simply because he acquired knowledge of the facts during a prior proceeding'); *United Union of Roofers, Waterproofers & Allied Workers, Union No. 33 v. Meese* (C.A.1, 1987), 823 F.2d 652, 659 ('It is well established * * * that participation in prior proceedings involving the same or similar facts or parties does not in itself constitute grounds for disqualification')." *In re Disqualification of Aubry*, 117 Ohio St.3d 1245, 2006-Ohio-7231, 884 N.E.2d 1095, at ¶7.

{¶29} There is no evidence that the trial court harbored bias against Donald. While Donald argues that in the decision in *Donald I* "notes probable bias on the part of the trial judge" he is mistaken. This Court's statement that: "[i]f appellant believed the court was biased prior to trial, an affidavit of disqualification would have been the procedure to follow," *Donald I* at ¶51, cannot be construed to mean that the trial court was

biased. Rather, it states the proper procedure to follow if counsel believes a court has a bias against the client. Donald's sentence was reversed because of several legal errors made by the trial court during sentencing. The case was remanded for resentencing, with instructions to the trial court "to refrain from making inappropriate comments and to abstain from imposing sentence based upon improper considerations." *Donald I* at ¶75.

{¶30} On remand, the trial court followed this directive. To its credit, the trial court admitted it was wrong and apologized to Donald for the comments it made during the original sentencing:

{¶31} "THE COURT: The Court of Appeals was critical of this Court for making the comment -- actually for saying to you, Mr. Donald, that you were stupid. The Court of Appeals is 100 percent correct in that criticism of me. I should not have said that. That comment related to the facts of this case as your lawyer and the Prosecutor presented them to me at pretrial, that after this woman was beaten and the police were called you and she were present in a room, a very small room described by one witness, a ten by ten room, where she said that you beat her with a golf club. And the policeman asked you what happened, and you told the policeman, 'I wailed [sic] on her with a golf club,' or something to that effect. You and she were the only witnesses to what occurred. You knew what you said and you knew what she said, and you -- your lawyer certainly should have told you that that's what would have been presented at trial.

{¶32} "So I apologize, because as a judge, I should not say to you that you're stupid. You're not stupid. It's a decision that you made because of my contact with you. I believe it was an informed decision that you made, and I don't mean this in any way offensively, but if I was your lawyer, I would have told you it was stupid. That's where it came from, because I used to do that work, and I would have done everything I could have done to stop you from going to trial.

{¶33} "THE DEFENDANT: Right.

{¶34} "THE COURT: Because I thought the deal that was offered to you was better, but I do sincerely apologize. I am wrong to have said that to you. And the Court of Appeals, as well, made an excellent point in that regard."

{¶35} Further, the trial court gave Donald a de novo sentencing hearing. The Prosecutor reiterated a maximum sentence recommendation, given Donald had been convicted in 2004 and served a prison term for the same offense, and refused to accept responsibility in this case despite confessing to the offense at the scene. The trial court heard from the victim and from Donald himself, both of whom advocated that Donald be released without serving any additional prison time. The trial court correctly concluded it was not required to abide by either the defendant's or the victim's sentencing recommendations, just as if the victim would ask that "the Defendant should be made to suffer the complete wrath of the law" because the victim statement is a consideration, not a controlling factor. The court then considered the overriding purposes of felony sentencing, pursuant to R.C. 2929.11 and properly weighed the seriousness and recidivism factors pursuant to R.C. 2929.12.

{¶36} Specifically, the trial court found, in addition to recounting the facts of the current offense, quoted above:

{¶37} "[Y]ou had previously committed a felonious assault on Charles Rivers with a piece of aluminum. This was a guy that tried to block you beating him with his walking cane. He suffered deep lacerations to his head and hand and abrasions to his shoulder and forearm.

{¶38} "So, in the opinion of this Court, you beat up on a crippled guy and you beat up on a woman, both times because somebody got you upset, and both times in a situation that no one could characterize as a fair fight. * * *

{¶39} "As a sentencing factor, she [the victim] suffered serious physical harm. The Court notes the Defendant was not convicted of felonious assault for causing her serious physical harm, but that he caused her physical harm with a deadly weapon. That was due to the State's inexcusable failure to provide appropriate medical evidence on that subject. The offender's relationship with the victim facilitated the offense. * * *

{¶40} "The offender has a history of criminal convictions for the same offense. He has not responded favorably to sanctions previously imposed. He shows no genuine remorse."

**{¶41}** Donald's claims of bias on the part of the trial court are unfounded. Therefore, counsel's choice not to file an affidavit of disqualification and failure to seek a continuance of the resentencing hearing to do so did not fall below an objective standard of reasonable representation.

**{¶42}** Moreover, Donald cannot show prejudice: he fails to challenge the sentence imposed on remand, and thus cannot demonstrate how the outcome of the resentencing would have been different had he been resentenced by another judge. To the contrary, there is ample evidence in the record supporting the eight-year sentence chosen by the trial court, as recounted above. Notably, Donald had been granted judicial release after serving only a one-year prison term for a previous felonious assault, equally brutal to this offense, which was committed only about three years after being released from prison. Thus, counsel was not ineffective for failing to file an affidavit of prejudice upon resentencing, or for not seeking a continuance to do so. Accordingly the first assignment of error is meritless.

**{¶43}** That said, some of the conduct of the trial court does raise concern, although not to the level of prejudicing this defendant.

**{¶44}** First, is the speed with which the resentencing hearing was scheduled and held. The opinion remanding the case for resentencing was released August 31, 2009. A mere two days later, on September 2, 2009, the trial court issued a judgment entry setting Donald's resentencing hearing, and took the unusual step of not only serving the order upon original trial counsel, but also upon the attorney appointed to represent Donald in his first appeal. The resentencing hearing was held on September 9, 2009, a mere seven days after it had been set, and only nine days after this Court's opinion was released. The record does not demonstrate any reason warranting such haste, and given counsel's statement that he had only scanned the opinion, this raises concern. However, as demonstrated above, counsel was still prepared to proceed with the hearing.

**{¶45}** The timing of the resentencing hearing is troubling for another reason. At the hearing, the trial court was advised that Donald wanted to file an affidavit of disqualification, have Mr. Limbian withdraw, and was going to hire another attorney to

represent him at resentencing. The trial court responded that neither had an affidavit been filed nor had new counsel appeared, despite the fact that counsel had only been given seven days notice of the resentencing hearing.

{¶46} Second, what transpired during the hearing raises concern. Mr. Snopek expressed concern about being ordered to appear at the resentencing when he had represented Donald in his first appeal and that service had concluded. The extensive colloquy on the issue of representation with both attorneys concluded as follows, with the trial court denying Mr. Limbian's oral motion to withdraw and granting Mr. Snopek's:

{¶47} "THE COURT: The Court of Appeals, despite your efforts before the Court of Appeals, has affirmed his conviction, and so anything that there is to say about him that would be in mitigation of punishment or as to why judgment and sentence should not be pronounced should be presented. And I presume – because I was a lawyer. I actually represented people in trials and on appeals, and I knew my client. So I'll presume that you and Mr. Limbian know your client and that you could speak to those issues.

{¶48} "MR. SNOPEK: Your Honor, again, I do not believe that I am here representing Mr. Donald. I have not been appointed to represent Mr. Donald.

{¶49} "THE COURT: That's a fact. I didn't appoint you and you have filed a Notice of a Motion to Withdraw, but it's addressed to me, and I don't – I didn't appoint you. Were you appointed for purposes for this man's appeal only?

{¶50} "MR. SNOPEK: Your Honor, that is a notice informing this Court of my Motion to Withdraw which has been filed in the Court of Appeals.

{¶51} "THE COURT: Okay.

{¶52} "MR. SNOPEK: And, yes, Your Honor, to answer your question directly, I was appointed to represent Mr. Donald on appeal by the Court of Appeals. I have not been appointed to represent him in this Court.

{¶53} "THE COURT: Well, then I would be of the opinion that Mr. Limbian is the lawyer representing the Defendant for purposes of this sentencing, and if you wish, you need not speak any further."

{¶54} The trial court also spent considerable time during the resentencing hearing

discussing the appellate opinion; noting what appellate counsel did and did not argue, taking issue with some of the opinion's holdings, contending much of what occurred at the original sentencing hearing was not erroneous, although conceding to some error. Importantly, the trial court did apologize to Donald for insulting him during the original sentencing hearing.

**{¶55}** Given this context, counsel contended at oral argument in this appeal that the trial court took the reversal personally, and as a result set the resentencing hearing immediately, and used it as an opportunity to justify what transpired during the original proceedings, to the prejudice of Donald. Counsel's arguments are not unfounded. The trial court's tone during much of the resentencing hearing reflects a personal perspective, most likely because the resentencing hearing was scheduled and held in haste, two and nine days respectively, after receiving the remand order. Had the trial court scheduled and held the resentencing hearing in the usual course of its docket, the transcript would likely contain only the factors we rely on here in affirming Donald's sentence. While some of the comments made by the trial court are intemperate, they are not prejudicial. As discussed above, Donald has not challenged his sentence in this appeal; nor has he shown that another trial judge would have sentenced him differently, given this was his second felonious assault conviction, committed in the same brutal fashion as the first, and after having been granted judicial release after only serving a one-year prison term on his first conviction.

**{¶56}** In sum, first, this court lacks the authority to rule on Donald's argument that the trial court erred by failing to recuse itself upon Donald's oral motion. The only avenue for disqualifying a common pleas court judge is via an affidavit of disqualification with the Ohio Supreme Court pursuant to R.C. 2701.03. A defendant cannot forgo this procedure and present the issue to the court of appeals in order to avoid Supreme Court jurisdiction. Second, trial counsel's failure at resentencing to seek a continuance in order to file an affidavit of disqualification against the trial court was not ineffective assistance of counsel, because Donald cannot show prejudice. Although the trial court held the resentencing hearing only nine days after receiving the opinion remanding the matter, and spent

considerable time during the hearing responding to the appellate opinion, ultimately there is no evidence that the trial court harbored bias against Donald. Thus, it is unlikely that Donald would have succeeded at disqualifying the trial court had counsel sought and obtained a continuance to file an affidavit. Moreover, Donald fails to challenge the sentence imposed on remand, and, especially given the record before the trial court, cannot demonstrate how the outcome of the resentencing would have been different had he been resentenced by another judge. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs in judgment only.

Vukovich, J., concurs.