[Cite as *State v. Holliday*, 2017-Ohio-345.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1265

    Appellee                                 Trial Court No. CR0201402874

v.

Benjamin Holliday                            **DECISION AND JUDGMENT**

    Appellant                                Decided:  January 27, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Stephen D. Long, for appellant.

Benjamin Holliday, pro se.

* * * * *

**JENSEN, P.J.**

**{¶ 1}** This is an appeal filed pursuant to *Anders v. California*, 386 U.S. 738, 87

S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Defendant-appellant, Benjamin Holliday, appeals the

October 1, 2015 judgment of the Lucas County Court of Common Pleas.  For the reasons

that follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On November 25, 2014, defendant-appellant, Benjamin Holliday, was indicted on charges of second-degree burglary (Count 1) and fourth-degree receiving stolen property (Count 2). Those charges arose after Holliday broke into the home of the sister of his estranged wife and stole her automobile and her 52-inch flat screen television.

{¶ 3} Following a jury trial, Holliday was found not guilty of Count 1, but was found guilty of the lesser-included offense of third-degree burglary, a violation of R.C. 2911.12(A)(3) and (D). He was also convicted of Count 2, a violation of R.C. 2913.51. Holliday was sentenced on September 29, 2015, to a prison term of 30 months on the burglary conviction and 17 months on the receiving stolen property conviction, to be served consecutively to each other and to a six-year sentence imposed by the court in Lucas County case No. CR0201501384, where he was convicted of robbing a Subway shop. The court also imposed three years' mandatory postrelease control on Count 1 and three years' discretionary postrelease control on Count 2. He was ordered to make restitution to the victim in the amount of $400, and the court imposed the costs of supervision, confinement, assigned counsel, and prosecution. His conviction and sentence were memorialized in a judgment entry journalized on October 1, 2015.

{¶ 4} Appellate counsel was appointed for Holliday, and a notice of appeal was timely filed. After reviewing the record, however, counsel determined the appeal to be wholly frivolous and now requests permission to withdraw as counsel under *Anders*.

2.

{¶ 5} *Anders* and *State v. Duncan,* 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders,* the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Furthermore, counsel must furnish his client with a copy of the brief and request to withdraw from representation, and allow the client sufficient time to raise any matters that he chooses. *Id.*

{¶ 6} Once these requirements are satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 7} Here, counsel has identified one potential assignment of error:

PROPOSED ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ORDERING THE SENTENCE IMPOSED FOR THE TWO COUNTS OF THE INDICTMENT IN CASE NO. CR14-2874 AND THE SENTENCE IMPOSED IN CASE NO. CR15-1384 TO BE SERVED CONSECUTIVELY[.]

3.

## II. Law and Analysis

### A. Proposed Assignment of Error

{¶ 8} Holliday's proposed assignment of error suggests that the trial court erred in imposing consecutive sentences on Counts 1 and 2, and further directing that the sentences run consecutively to the sentence imposed in Lucas County case No. CR0201501384.

{¶ 9} We review felony sentences under R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 10} R.C. 2929.14(C)(4) governs the imposition of consecutive sentences. It provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

4.

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing," and because a court speaks through its journal, it "should also incorporate its statutory findings into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. The trial court is not obligated to state the reasons supporting its findings, however, and the imposition of consecutive sentences will be upheld so long as the reviewing court can discern from the

record that the trial court engaged in the correct analysis and the evidence supports the court's findings. *Id.* at ¶ 27, 29.

{¶ 12} Here, it was clear from the transcript of the sentencing hearing that the trial court had carefully reviewed Holliday's presentence investigation report. And in imposing consecutive sentences, the trial court explained:

> We further find * * * that in this case as to Count 2 in the indictment, the retaining stolen property, and as to Count 1, the lessor [sic] offense of burglary, we find that these sentences shall be ordered served consecutive to one another to protect the public from future crime and to punish the defendant and not disproportionate to the seriousness of the offender's conduct or the danger the defendant poses. Again, the court finds that the harm caused was so great or unusual. This was a crime spree that the defendant was involved in and was so great or unusual that a single prison term for any one of the offenses committed as part of any of the courses of conduct would not adequately reflect the seriousness of the offender's conduct.

{¶ 13} We conclude that the record establishes that the trial court made the required findings and those findings are supported by the record. Accordingly, we find Holliday's proposed assignment of error not well-taken.

6.

**B.** *Anders*

{¶ **14**} In accordance with *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, appointed counsel has requested permission to withdraw from this case. He has provided a certification verifying that he made a conscientious review of the case, found the appeal to be wholly frivolous, filed a brief on Holliday's behalf identifying one proposed assignment of error, and mailed the brief to Holliday along with a letter explaining to him that he has the right to file his own brief. After reviewing that letter, Holliday filed a motion captioned "Motion for Appointment of Appellate Counsel," indicating: (1) that "[p]ursuant to *State v. Marcum*[, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231], the sentence imposed is not clearly and convincingly supported by the record," and (2) that the trial judge denied an oral request made by Holliday on April 16, 2015, that she recuse herself. In an order dated September 28, 2016, we indicated that we would treat Holliday's motion as a pro se brief in support of his appeal.

{¶ **15**} In *Marcum*, the Ohio Supreme Court emphasized that R.C. 2953.08(G)(2) sets forth the standard under which felony sentences must be reviewed. *Id.* at ¶ 1. We recited this standard of review earlier in this decision. The Ohio Supreme Court clarified in *Marcum*, that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law *only if the appellate court finds by clear and convincing evidence that the record does not support the sentence*." (Italics added.) *Id.* at ¶ 23. In other words, the standard requires us to uphold a sentence that is not contrary to law

7.

*unless* we find by clear and convincing evidence that the sentence is not supported by the record; this is markedly different than the standard advanced by Holliday.

{¶ 16} Here, we find that the trial court made all required findings and it imposed a sentence within the ranges provided by R.C. 2929.14(A)(3) and (4). It was, therefore, not clearly and convincingly contrary to law. Additionally, we find no clear and convincing evidence that the sentence is not supported by the record. Accordingly, we may not vacate or modify the sentence.

{¶ 17} As to Holliday's request that the trial judge recuse herself, we have reviewed the transcript of the April 16, 2015 trial court proceedings. At that time, Holliday informed the court that he had fired his appointed counsel and asked that new counsel be appointed. Holliday then expressed concern that the trial judge and defense counsel "worked together, like as in the same courtroom," and that the judge would "take it personally" that he fired his lawyer. He asked the trial judge to recuse herself. She denied his request, explaining that she and defense counsel do not work together.

{¶ 18} Where a common pleas judge refuses a request to voluntarily recuse herself, the defendant must follow the disqualification procedures set forth in R.C. 2701.03. *State v. Donald*, 7th Dist. Mahoning No. 09 MA 172, 2011-Ohio-3400, ¶ 114. An appellate court lacks authority to pass upon issues of disqualification. *Id.* at ¶ 13. Because Holliday did not follow those procedures, and because we lack authority to review issues of disqualification, the trial judge's refusal to voluntarily recuse herself does not provide a basis for reversal here.

8.

**{¶ 19}** Finally, in addition to considering the issues raised by counsel and by Holliday, we have conducted our own independent review of the record and we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit, and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted.

### III. Conclusion

**{¶ 20}** The October 1, 2015 judgment of the Lucas County Court of Common Pleas is affirmed and counsel's motion to withdraw is granted. Holliday is ordered to pay the costs of this appeal under App.R. 24. The clerk is ordered to serve all parties, including the defendant if he has filed a brief, with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                                              JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, P.J.          _____
CONCUR.                                                   JUDGE

                                        _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.