[Cite as *Morrison v. Walters*, 2023-Ohio-2887.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| LISA A. MORRISON, | : | APPEAL NOS. C-220643 |
| | | C-220644 |
| Plaintiff-Appellee, | : | TRIAL NO. DR-2000523 |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| FRANK S. WALTERS, | : | |
| Defendant-Appellant. | : | |


Appeals From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 18, 2023

*Zachary D. Smith, LLC*, and *Zachary D. Smith*, for Plaintiff-Appellee,

*Cornetet, Meyer, Rush & Stapleton* and *Karen P. Meyer*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    Following the entry of a divorce decree terminating the marriage of plaintiff-appellee Lisa Morrison and defendant-appellant Frank Walters, Ms. Morrison filed a motion for contempt, arguing that Mr. Walters failed to comply with the terms of the decree. The magistrate granted her motion, and subsequently the trial court adopted the magistrate's decision in full, prompting the instant appeal. After a careful review of the record and arguments, we conclude that the trial court did not abuse its discretion in any of the matters raised by Mr. Walters on appeal, and we accordingly affirm the trial court's judgment for the reasons explained more fully below.

I.

{¶2}    Mr. Walters and Ms. Morrison were married in July 1995, and no children were born of their union. Their marriage was terminated by entry of a decree of divorce in June 2021. Pursuant to the decree, the parties were required to cooperate with one another to sell certain parcels of real property acquired during the marriage.

{¶3}    Ms. Morrison believed that Mr. Walters failed to comply with the terms of the decree, as he took unilateral action regarding the sale of four properties and deducted certain items from the sale proceeds over her objections. Because those four properties were listed in his name alone, he bore the personal tax liability. It appears from the record that he hoped to recoup half of the taxes he paid personally on the sale of the properties from Ms. Morrison's portion of the proceeds. In response, Ms. Morrison filed a motion for contempt in April 2022. Mr. Walters filed a number of continuances after surviving a life-threatening assault (which Ms. Morrison portrays as a drunken bar brawl) in June 2022. Eventually, two hearing dates were scheduled

for Ms. Morrison's motion—one in October and a second (preserving the parties' ability to present expert testimony) in November.

{¶4}    After the October hearing, the magistrate vacated the second hearing date scheduled for November 2022, deeming it unnecessary as neither party sought to present expert testimony.  The magistrate accordingly rendered a decision, concluding that Mr. Walters acted in clear and obvious disregard of the court's orders contained in the decree.  Based on its plain language, the divorce decree did not require the parties to split the personal tax liability that fell upon Mr. Walters after the sale of the four properties.  The magistrate also found him in contempt for inappropriately tacking on personal expenses to closing costs and for his failure to cooperate with Ms. Morrison in the sale of one of the parties' properties.  In connection with these rulings, the magistrate awarded attorney fees and costs to Ms. Morrison, consistent with her request in her motion.  Of note, Mr. Walters was unable to attend the October 2022 hearing (which Ms. Morrison blames on an Oktoberfest excursion in Germany), but his lawyer participated in the hearing.

{¶5}    Mr. Walters objected to the magistrate's decision, but the trial court adopted the magistrate's decision in full.  He timely appealed, asserting three assignments of error.

II.

{¶6}    In his first assignment of error, Mr. Walters contends that the trial court abused its discretion when it refused to allow him to testify and present evidence at a pre-approved continued-in-progress hearing.  Specifically, he emphasizes that the magistrate originally set two hearing dates and then, following the first hearing,

3

vacated the second hearing date. The trial court upheld the magistrate's decision to vacate the second hearing when it considered Mr. Walters's objections.

{¶7} We review this scheduling question for an abuse of discretion. "Trial courts are afforded considerable discretion when scheduling hearings." *Calhoun v. Calhoun*, 8th Dist. Cuyahoga No. 93369, 2010-Ohio-2347, ¶ 24, citing *In re Disqualification of Aubry*, 117 Ohio St.3d 1245, 1246, 2006-Ohio-7231, 884 N.E.2d 1095. "A trial court's decision on scheduling and continuing matters will not be reversed absent an abuse of discretion." *Id.*

{¶8} The magistrate explained when he scheduled the hearings that the second hearing was "set in advance *for expert testimony.*" (Emphasis added.) But neither party identified an expert, provided an expert report, or otherwise indicated an intention to present expert testimony at the second hearing. This obviated the need for the second hearing, and Mr. Walters fails to identify what evidence, if any, he sought to introduce at this cancelled hearing. He also does not fashion any argument that the trial court's decision prejudiced him or otherwise impacted the outcome of the proceedings. Our review of the record accordingly does not reflect that the trial court abused its discretion in vacating the second hearing.

{¶9} Walking hand-in-hand with that argument, Mr. Walters highlights his absence at the October 2022 hearing (though his counsel attended), in a presumptive effort to establish prejudice. However, Ms. Morrison introduced evidence of Mr. Walters's travels to Germany that suggest that he missed the first hearing for vacation, and the record reflects that the court delayed the proceedings at multiple other junctures due to his unavailability. Regardless, Mr. Walters does not proffer any

4

indication of what he would have testified about, which precludes us from finding any abuse of discretion on the record at hand.

{¶10} Therefore, we overrule his first assignment of error.

### III.

{¶11} In his second assignment of error, Mr. Walters claims that the trial court erred in ordering him to pay Ms. Morrison's attorney fees. He takes issue with the fact that the court did not convene a hearing to determine the reasonableness of the fees charged before ordering him to pay the fees.

{¶12} In any post-decree motion or proceeding that arises out of a divorce action, a court "may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." R.C. 3105.73(B). In determining whether an attorney fee award is equitable, "the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate[.]" *Id.* We review a trial court's award of attorney fees for an abuse of discretion. *Patterson v. Patterson*, 197 Ohio App.3d 122, 2011-Ohio-5644, 966 N.E.2d 898, ¶ 7 (1st Dist.).

{¶13} Here, the court ordered Mr. Walters to pay the attorney fees and costs incurred by Ms. Morrison throughout the contempt proceedings. After reviewing an exhibit detailing the fees and costs incurred, the court concluded: "The Court has carefully reviewed the exhibit and questioned Ms. Morrison's Counsel on the record regarding this accounting. The Court finds that the amount requested in attorney fees is appropriate and *reasonable*." (Emphasis added.) The magistrate emphasized:

> Mr. Walters, through counsel, offered no objection to the amount of attorney fees proffered to the Court. The Court also notes that Mr.

Walter's [sic] conduct which underlined the filing in this case, was of a nature that Ms. Morrison was forced to bring this action to recover her losses. Mr. Walters, during the pendency of this motion, has unnecessarily delayed the litigation and forced both parties to incur additional attorney fees and costs, which would not have been necessary.

{¶14} The trial court complied with the requirements of R.C. 3105.73(B) in considering the conduct of the parties (Mr. Walters's conduct causing the filing of the motion as well as his actions that delayed the proceedings) and other relevant factors (the fact that he offered no objection to the amount of attorney fees proffered as well as the evidence and testimony from Ms. Morrison's attorney regarding the fees).

{¶15} Mr. Walters nevertheless points us toward *Zerbe v. Zerbe*, 1st Dist. Hamilton Nos. C-040035 and C-040036, 2005-Ohio-1180, to argue that the trial court was required to hold a hearing on the matter of the reasonableness of the fees. However, *Zerbe* actually holds that "[a] hearing on a request for attorney fees may not always be necessary." *Zerbe* at ¶ 5. The opinion goes on to clarify: "[A]t a minimum, the record must contain some evidence of the reasonableness of the fees." *Id.* And "[t]he movant bears the burden to present evidence of the services performed and the reasonable value of those services." *Id.* Here, the movant satisfied her burden and Mr. Walters failed to object to the fees before the magistrate, obviating the need for a hearing. Indeed, Mr. Walters fails to elucidate what evidence would have been presented at such a hearing, or how such evidence would have impacted the trial court's decision.

6

{¶16} The record contains sufficient evidence of the reasonableness of the fees. Ms. Morrison bore her burden to present evidence of the services performed by her attorney and the reasonable value of those services. Her attorney testified, in great detail, on the topic of his fees at the October 2022 hearing, and he also submitted an affidavit detailing his fees and costs. The affidavit set forth the attorney's experience, reputation, description of practice concentration, the length of his professional relationship with Ms. Morrison, a breakdown of the amount by date and employee billing, the hourly fee amount for each person who worked on the case, and the time, skill, and labor involved in incurring the fees. The trial court was able to evaluate the testimony and evidence in reaching its decision. Because the record contained adequate evidence of the reasonableness of the fees, the court was not required to convene a separate hearing on the matter, particularly in the absence of any challenge to the amount of fees.

{¶17} Finally, as discussed above, the court otherwise complied with the statutory requirements of an attorney fee award in a post-decree proceeding. Accordingly, we overrule Mr. Walters's second assignment of error.

IV.

{¶18} In his third assignment of error, Mr. Walters argues that the trial court abused its discretion when it found him in contempt of court for failing to comply with the terms of the parties' divorce decree.

{¶19} "A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order." *Wolf v. Wolf*, 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, ¶ 4, citing *Abernethy v. Abernethy*, 8th Dist. Cuyahoga No. 92708, 2010-

Ohio-435. " 'A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders.' " *Swanson v. Schoonover*, 8th Dist. Cuyahoga Nos. 95213, 95517 and 95570, 2011-Ohio-2264, ¶ 14, quoting *Moraine v. Steger Motors, Inc.*, 111 Ohio App.3d 265, 268, 675 N.E.2d 1345 (1996). And a trial court's finding of contempt must be upheld absent an abuse of discretion. *See Wolf* at ¶ 4.

{¶20} There is no dispute regarding the existence of a court order, so we turn to whether clear and convincing evidence established that Mr. Walters failed to comply with the court's prior order. During their marriage, the parties acquired five rental real estate properties. The divorce decree required the parties to sell all of the properties, and upon the sale of each, "the proceeds that remain after payment of liens, taxes and other necessary costs of sale shall be equally divided." The order did not provide for withholding of a certain portion of Ms. Morrison's half of the proceeds to pay for Mr. Walters's personal property taxes.

{¶21} The court accordingly determined that, pursuant to the terms of the order, each party bore responsibility for his or her own personal financial obligations. Mr. Walters admitted that he withheld some money from Ms. Morrison's half of the remaining proceeds of the property sales to cover his own personal tax liability. Clear and convincing evidence therefore existed that he failed to comply with the terms of the court's prior order. We cannot say that the trial court abused its discretion in this matter, so we overrule the third assignment of error.

\* \* \*

{¶22} In light of the foregoing analysis, we overrule all three of Mr. Walters's assignments of error and affirm the judgment of the trial court.

8

Judgment affirmed.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.